BUCHALTER
A Professional Corporation
Josh H. Escovedo, State Bar No. 284506
jescovedo@buchalter.com
Emily G. Malhiot, State Bar No. 330082
emalhiot@buchalter.com
Michael A. Fuoroli, State Bar No. 340957
mfuoroli@buchalter.com
500 Capitol Mall, Suite 1900
Sacramento, CA  95814
Telephone: 916.945.5170

Attorneys for Plaintiff
PRAB Group

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAB GROUP, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDT T. STEWART, an individual; and<br>BRANGIE, INC., a California corporation,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff PRAB Group submits this Complaint against Defendants Brandt T. Stewart and Brangie, Inc., and alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff PRAB Group is the franchisor of the Pete's Restaurant and Brewhouse and Original Pete's restaurants throughout the state.

2.      PRAB Group licensed its intellectual property to the prior owner of the Folsom restaurant that is now owned and operated by Defendants Brandt T. Stewart and Brangie, Inc.

3.      Although the agreement between PRAB Group and Defendants' predecessor was not assignable or transferrable, PRAB Group entertained the idea of entering into an agreement with Defendants through which PRAB Group would have authorized Defendants to operate under the Pete's brand and use the related intellectual property. Despite such efforts, the parties never reached an agreement.

4.      In spite of never reaching an agreement and never paying a penny to PRAB Group, Defendants have continued to operate as a Pete's Restaurant and Brewhouse and use its intellectual property. They now seek to sell the restaurant to new owners.

5.      PRAB Group, through counsel, demanded that Defendants cease-and-desist use of the intellectual property and debrand. Defendants refused.

## THE PARTIES

6.      Plaintiff PRAB Group is a California corporation with its principal place of business in Elk Grove, California.

7.      Defendant Brandt T. Stewart is an individual who, on information and belief, resides and does business in Folsom, California.

8.      Defendant Brangie, Inc. is a California corporation with its principal place of business in Folsom, California. Mr. Stewart owns and operates Brangie, Inc.

## JURISDICTION AND VENUE

9.      This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under federal law, specifically 15 U.S.C. § 1114 and 18 U.S.C. § 1836. The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and/or omissions giving rise to the claims below occurred in this District.

## GENERAL ALLEGATIONS

A.      **PRAB Group owns Pete's intellectual property.**

11.     PRAB Group is the founder and developer of the Original Pete's, Pete's Restaurant and Brewhouse, and other related casual brewhouse restaurants in California. Through its principals' significant efforts and expenses, PRAB Group has developed a hospitality brand, built goodwill, and established a superb reputation known throughout the Greater Sacramento region and the entire State of California.

12.     PRAB Group owns all related intellectual property, including trademarks, copyrights, trade secrets, and other proprietary assets (collectively, "Pete's IP"). It has federally

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

registered trademarks for the Pete's Brewhouse and Restaurant. *See* Reg. Nos. 5496029, 5496030. True and correct copies of the trademark registrations are attached to this Complaint as **Exhibits 1** and **2** and incorporated by reference.

13.     PRAB Group has developed confidential proprietary recipes for pizza, pastas, hamburgers, specialty sandwiches, soups, salads, and other special menu items. Under its franchise agreements, franchisees must prepare all menu items in accordance with PRAB Group's manuals or other written directives, including, but not limited to, the prescribed measurements of ingredients. Franchisees also must purchase ingredients and other products solely from PRAB Group or from a designated source. PRAB Group's recipes are considered confidential information and franchisees are prohibited from disclosing or selling said recipes absent PRAB Group's written consent.

**B.     Defendants purchased a restaurant but were never authorized to use the Pete's IP.**

14.     In or around February or March 2023, Defendants purchased the Pete's Restaurant and Brewhouse in Folsom, California, from the previous owner.

15.     PRAB Group had a licensing agreement with the previous owner where PRAB Group granted said owner a license to open the Folsom restaurant and to utilize the Pete's IP in connection with that restaurant. The license was not assignable or otherwise transferrable.

16.     When they purchased the restaurant, Defendants agreed to pay PRAB Group the same fees that the previous owner was paying under their license agreement for the use of the Pete's IP.

17.     Although they contemplated a franchise agreement or another contractual relationship, PRAB Group and Defendants never entered into one.

18.     Since the purchase, Defendants have not paid PRAB Group the agreed-upon licensing fees.

19.     Despite that, Defendants are using PRAB Group's proprietary recipes even though there is no agreement or license authorizing Defendants' use. Defendants are also purchasing proprietary food items from PRAB Group's vendor Sysco that are only available to Pete's.

20.     On or about November 11, 2024, PRAB Group discovered a Public Notice of Application for Ownership Change posted on the Folsom restaurant. PRAB Group alleges, on information and belief, that Defendants are selling the restaurant.

21.     On November 29, 2024, counsel for PRAB Group sent a cease-and-desist letter to Defendants demanding that they immediately debrand and cease use of the Pete's IP before proceeding with the sale. A true and correct copy of the letter is attached to this Complaint as **Exhibit 3** and incorporated by reference.

22.     On December 6, 2024, counsel for Defendants responded to the cease-and-desist letter, stating that he would look into the issues and respond by December 20, 2024. A true and correct copy of this letter is attached to this Complaint as **Exhibit 4** and incorporated by reference.

23.     On December 11, 2024, counsel for PRAB Group sent another letter to Defendants' counsel, stating that if Defendants refuse to debrand and cease use of any proprietary recipes and other trade secrets, PRAB Group would commence legal action. A true and correct copy of this letter is attached to this Complaint as **Exhibit 5** and incorporated by reference.

24.     Defendants' counsel did not respond to this letter, but Defendants have continued to use the Pete's IP and name without authorization. Thus, unless this Court enjoins Defendants from continuing to use Pete's IP, PRAB Group will suffer irreparable harm.

## FIRST CAUSE OF ACTION
### Trademark Infringement – 15 U.S.C. § 1114
### (Against All Defendants)

25.     PRAB Group realleges and incorporates by reference each of the above paragraphs as if fully restated below.

26.     PRAB Group owns the Pete's IP.

27.     Some of the marks are federally registered with the United States Patent and Trademark Office. *See* Reg. Nos. 5496029, 5496030.

28.     There is no agreement or license authorizing Defendants' use of the Pete's IP.

///

29.     As a result, Defendants' use of the Pete's IP constitutes trademark infringement under the Lanham Act.

30.     Defendants' trademark infringement harmed PRAB Group as PRAB Group has expended significant resources building goodwill in the Pete's IP, and Defendants are now utilizing that IP without providing any compensation.

31.     Defendants are knowingly and intentionally infringing the Pete's IP with the intent to benefit from the goodwill in the mark without compensating PRAB Group for the benefit.

32.     Defendants have profited as a result of their misconduct. PRAB Group is thus entitled to disgorgement of Defendants' profits.

33.     PRAB Group has also suffered, and is entitled to recover, its actual damages.

34.     Because Defendants' are using a counterfeit mark, as defined under the Lanham Act (15 U.S.C. § 1127), PRAB Group is also entitled to treble damages.

35.     When PRAB Group proves trademark infringement, it will create a presumption of irreparable harm, entitling PRAB Group to a permanent injunction.

36.     In the meantime, PRAB Group will suffer irreparable harm unless the Court preliminarily enjoins Defendants' infringing use to avoid further damage.

## SECOND CAUSE OF ACTION
### Common-Law Trademark Infringement
### (Against All Defendants)

37.     PRAB Group realleges and incorporates by reference each of the above paragraphs as if fully restated below.

38.     PRAB Group owns the Pete's IP.

39.     The aforementioned marks are protected by federal and state common law because of PRAB Group's exclusive use of the Pete's IP. The only other users of the Pete's IP are those who PRAB Group granted a license to do so.

40.     There is no agreement or license authorizing Defendants' use of the Pete's IP.

41.     As a result, Defendants' use of the Pete's IP constitutes trademark infringement.

///

42.     Defendants' trademark infringement harmed PRAB Group as PRAB Group has expended significant resources building goodwill in the Pete's IP.

43.     Defendants are knowingly and intentionally infringing the Pete's IP with the intent to benefit from the goodwill in the mark without compensating PRAB Group for the benefit.

44.     PRAB Group has also suffered, and is entitled to recover, its actual damages.

45.     Defendants' use of the mark is malicious and oppressive and therefore entitles PRAB Group to recover exemplary damages under Civil Code § 3294.

46.     When PRAB Group proves trademark infringement, it will create a presumption of irreparable harm, entitling PRAB Group to a permanent injunction.

47.     In the meantime, PRAB Group will suffer irreparable harm unless the Court preliminarily enjoins Defendants' infringing use to avoid further damage.

**THIRD CAUSE OF ACTION**
**False Designation of Affiliation – 15 U.S.C. § 1125**
**(Against All Defendants)**

48.     PRAB Group realleges and incorporates by reference each of the above paragraphs as if fully restated below.

49.     PRAB Group owns the Pete's IP.

50.     Some of the marks are federally registered with the United States Patent and Trademark Office. *See* Reg. Nos. 5496029, 5496030.

51.     There is no agreement or license authorizing Defendants' use of the Pete's IP. In fact, there is no association between PRAB Group and Defendants whatsoever.

52.     Accordingly, Defendants' conduct constitutes false designation of affiliation, connection, or association with PRAB Group since it is likely to cause confusion or deceive consumers into believing there is an affiliation, connection, or association between Defendants and PRAB Group when there is not.

53.     Defendants' misconduct is also likely to cause confusion or deceive consumers into believing PRAB Group sponsors or otherwise approves of the goods and services that Defendants provide at the offending restaurant.

**COMPLAINT**

54.   Defendants' misconduct harmed PRAB Group as PRAB Group has expended significant resources building goodwill in the Pete's IP, and Defendants are now utilizing that IP without providing any compensation.

55.   Defendants are knowingly and intentionally deceiving consumers with the intent to benefit from the goodwill in the mark without compensating PRAB Group for the benefit.

56.   Defendants have profited as a result of their misconduct. As a result, PRAB Group is entitled to disgorgement of Defendants' profits.

57.   PRAB Group has also suffered, and is entitled to recover, its actual damages.

58.   When PRAB Group proves false designation of origin, it will create a presumption of irreparable harm, entitling PRAB Group to a permanent injunction.

59.   In the meantime, PRAB Group will suffer irreparable harm unless the Court preliminarily enjoins Defendants' misconduct to avoid further damage.

**FOURTH CAUSE OF ACTION**
**Violation of California Business & Professions Code § 17200 *et seq.***
**(Against All Defendants)**

60.   PRAB Group realleges and incorporates by reference each of the above paragraphs as if fully restated below.

61.   Defendants' above-mentioned conduct constitutes unlawful, unfair, and fraudulent business acts or practices as defined by the California Business and Professions Code.

62.   Defendants' conduct proximately harmed PRAB Group.

63.   As a result, PRAB Group has suffered damages and is entitled to injunctive relief and restitution.

**FIFTH CAUSE OF ACTION**
**Violation of the Defend Trade Secrets Act – 18 U.S.C. § 1836 *et seq.***
**(Against All Defendants)**

64.   PRAB Group realleges and incorporates by reference each of the above paragraphs as if fully restated below.

65.   PRAB Group's confidential and proprietary information includes, but is not limited to, Pete's recipes. These items constitute trade secrets as defined by the Defend Trade

**COMPLAINT**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

Secrets Act in that the information derives substantial, independent economic value from not being generally known to the public or Pete's competitors, who could obtain economic value from the information.

66.     PRAB Group has made reasonable and good faith efforts to safeguard and keep its recipes confidential, in large part because of the economic value this information would have in the hands of its competitors.

67.     As described above, Defendants have been using PRAB Group's confidential and proprietary information, knowing that they were not authorized to do so, and misappropriated and used it to benefit their own business.

68.     Defendants acquired PRAB Group's confidential and proprietary trade secret information when they knew or had reason to know, at the time of its use or disclosure, that the trade secret information was acquired under circumstances giving rise to a duty to maintain its secrecy.

69.     As a direct and proximate result of Defendants' misappropriation, PRAB Group has sustained and will continue to sustain monetary harm and other irreparable injury.

70.     Defendants' misappropriation and use of PRAB Group's confidential trade secret information was willful and malicious. Accordingly, PRAB Group is entitled to exemplary damages under 18 U.S.C. § 1836(b)(3)(C).

**SIXTH CAUSE OF ACTION**
**Violation of California's Uniform Trade Secrets Act – California Civil Code § 3426.1 *et seq.***
**(Against All Defendants)**

71.     PRAB Group realleges and incorporates by reference each of the above paragraphs as if fully restated below.

72.     PRAB Group's confidential and proprietary information includes, but is not limited to, Pete's recipes. These items constitute trade secrets as defined by California's Uniform Trade Secrets Act in that the information derives independent value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and it is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

73.     As described above, Defendants have been using PRAB Group's confidential and proprietary information, knowing that they were not authorized to do so, and misappropriated and used it to benefit their own business.

74.     Defendants acquired PRAB Group's confidential and proprietary trade-secret information when they knew or had reason to know, at the time of its use or disclosure, that the trade-secret information was acquired under circumstances giving rise to a duty to maintain its secrecy.

75.     As a direct and proximate result of Defendants' misappropriation, PRAB Group has sustained and will continue to sustain monetary harm and other irreparable injury.

76.     Defendants' misappropriation and use of PRAB Group's confidential trade secret information was willful and malicious. Accordingly, PRAB Group is entitled to exemplary damages under California Civil Code § 3426.3(c).

## PRAYER FOR RELIEF

WHEREFORE, PRAB Group prays for the following relief:

1.     Compensatory damages in an amount determined by the trier of fact.

2.     Treble damages in an amount determined by the trier of fact.

3.     Disgorgement of profits under the Lanham Act in an amount determined by the trier of fact.

4.     Exemplary damages in an amount determined by the trier of fact.

5.     Restitutionary damages in an amount determined by the trier of fact.

6.     Preliminary and permanent injunctive relief.

7.     Prejudgment interest at the maximum legal rate.

8.     Post-judgment interest.

9.     Reasonable attorney's fees.

10.    Costs of suit incurred.

///

///

///

11.     Such other relief as the Court deems just and proper.


DATED:  December 23, 2024                BUCHALTER
                                         A Professional Corporation


                                         By: _____
                                                    Josh H. Escovedo
                                                    Emily G. Malhiot
                                                    Michael A. Fuoroli
                                                    Attorneys for Plaintiff
                                                    PRAB Group

EXHIBIT "1"

# United States of America

## United States Patent and Trademark Office

# Pete's Restaurant & Brewhouse

**Reg. No. 5,496,029**

**Registered Jun. 19, 2018**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

PRAB Group  (CALIFORNIA CORPORATION)
2001 J Street
Sacramento, CALIFORNIA 95811

CLASS 35: Restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants

FIRST USE 1-1-2007; IN COMMERCE 1-1-2007

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "RESTAURANT & BREWHOUSE"

SER. NO. 87-612,775, FILED 09-18-2017

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*  See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

EXHIBIT "2"

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,496,030**

**Registered Jun. 19, 2018**

**Int. Cl.: 43**

**Service Mark**

**Principal Register**

PRAB Group  (CALIFORNIA CORPORATION)
2001 J Street
Sacramento, CALIFORNIA 95811

CLASS 43: Restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants

FIRST USE 1-1-2007; IN COMMERCE 1-1-2007

The color(s) red, green, white, and black is/are claimed as a feature of the mark.

The mark consists of the word "Pete's", with a capitalized "P" and a stylized font, consisting of red lettering with subsequent layers of green, white, and black lettering respectively. This is center-aligned above the words "Restaurant" and "Brewhouse", each containing only capital letters in black font. Between "Restaurant" and "Brewhouse" is a stylized, red ampersand. Except as discussed above, the white in the drawing represents background and is not part of the mark.

No claim is made to the exclusive right to use the following apart from the mark as shown: "RESTAURANT & BREWHOUSE"

SER. NO. 87-612,808, FILED 09-18-2017

Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

EXHIBIT "3"

# Buchalter

500 Capitol Mall, Suite 1900
Sacramento, CA 95814
916.945.5170 Phone

916.945.5193 Direct
jescovedo@buchalter.com

November 29, 2024

**VIA E-MAIL (BRANDTSTEWART0509@GMAIL.COM)**

Brandt T. Stewart
Brangie, Inc.
6608 Folsom Auburn Road
Folsom, CA 95630

> Re:   Pete's Restaurant and Brewhouse Folsom, 6608 Folsom Auburn Road, Folsom,
>        CA 95630

Mr. Stewart:

We represent PRAB Group. We write concerning your illegal use of our client's trademarks in connection with the sale of the aforementioned restaurant. PRAB Group has federally registered trademarks for Pete's Brewhouse and Restaurant. *See* Reg. Nos. 5496029, 5496030. There is no agreement or license authorizing your use of those marks. Accordingly, we demand that you immediately debrand from the Pete's name and cease use of our client's trademarks before proceeding with the sale.

The Lanham Act precludes trademark infringement. Specifically, it states that any person who shall, without the consent of the registrant, use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, mistake, or deception, is liable to the registrant. 15 U.S.C. § 1114. Trademark laws protect three interests, including the senior user's right to enter a related field in future, protecting good reputation associated with the senior user's mark from possibly inferior goods and services of a junior user, and the public's interest in not being misled by confusingly similar marks. *Scarves by Vera, Inc. v. Todo Imports, Ltd.*, 544 F.2d 1167, 1172 (2d Cir. 1976). Trademark infringement under the Lanham Act is established when the infringer's use of the plaintiff's trademark creates a "likelihood of confusion." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987); see also 15 U.S.C. § 1114(1).

///

buchalter.com

Arizona
California
Colorado
Georgia
Oregon
Tennessee
Utah
Washington

Buchalter

Brandt T. Stewart
November 29, 2024
Page 2

Our client owns the IP in question and has been using the "Pete's Restaurant and Brewhouse" marks since 2018. There is no agreement between you and PRAB Group authorizing your use of those marks. Still, you chose to misappropriate the marks, seemingly to profit from PRAB Group's goodwill in the sale of the restaurant. This unauthorized use constitutes trademark infringement and confuses and deceives consumers while harming the reputation and goodwill of PRAB Group as the owner of the trademarks.

The punishment for trademark infringement is burdensome. PRAB Group would be entitled to recover its actual damages, to force you to disgorge any profits you received in connection with the infringement, and to recover an award of treble damages equal to three times the amount of PRAB Group's damages. 15 U.S.C. § 1117. PRAB Group would also be entitled to recover its attorney's fees and costs. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016).

We demand that you stop utilizing our client's trademarks and debrand from the Pete's name before proceeding with the sale. You must confirm your intent to comply by the close of business on **December 6, 2024**. If we do not hear from you, we will commence legal action against you where PRAB Group will seek injunctive relief, damages, and attorney's fees and costs.

PRAB Group reserves all rights.

Respectfully,

BUCHALTER
A Professional Corporation

Josh H. Escovedo

JHE:ke

EXHIBIT "4"



ERIC O. JEPPSON
ejeppson@jeppsonlaw.com

December 6, 2024

*Via U.S. Mail and email*

Josh H. Escovedo
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
jescovedo@buchalter.com
(916) 945-5193

> Re:   *Pete's Restaurant and Brewhouse Folsom, 6608 Folsom Auburn Road, Folsom, CA 95630*

Dear Mr. Escovedo:

I have been retained today to represent Brandt T. Stewart and Brangie, Inc. in the above-referenced matter. I will need some time to review the issues raised in your letter, familiarize myself with the relevant facts, and prepare a substantive response. You can expect to receive a response no later than Friday, December 20, 2024.

In the meantime, I must address certain unacceptable conduct by your client, Mr. Bhatia. Specifically, it has come to my client's attention that Mr. Bhatia has been making defamatory statements, including false allegations that my client has not paid rent to the landlord and that the Folsom location has been losing $15,000 per month. Such statements are baseless, damaging to my client's reputation, and constitute defamation as well as intentional interference with prospective economic advantage.

We demand that Mr. Bhatia immediately cease and desist from making any further defamatory statements about my client. My client reserves all rights to pursue legal remedies for any continued misconduct.

I look forward to resolving this matter in a professional and efficient manner.

Sincerely,

**JEPPSON LAW, LLP**

Eric O. Jeppson

---

EXHIBIT "5"

# Buchalter

500 Capitol Mall, Suite 1900
Sacramento, CA 95814
916.945.5170 Phone

916.945.5193 Direct
jescovedo@buchalter.com

December 11, 2024

**_SENT VIA EMAIL ONLY TO ejeppson@jeppsonlaw.com_**

Eric O. Jeppson
Jeppson Law, LLP
2999 Douglas Boulevard, Suite 180
Roseville, CA  95661

Re: Cease and Desist Demand Regarding 6608 Folsom Auburn Road Restaurant

Mr. Jeppson:

Thank you for your letter. As I mentioned on Friday, I will await your response before taking further action. But I ask that you confirm in your response that your client intends to debrand and cease and desist use of any Pete's proprietary recipes or other trade secrets.

I suspect we can work through most other things, but if your client refuses to do as requested, we will be forced to file suit on Monday and seek a TRO as soon as the Court can hear the application.

As for your claim of defamation, without admitting that our client made any such statements, we will investigate the matter and get back to you.

Respectfully,

BUCHALTER
A Professional Corporation

Josh H. Escovedo

JHE:ke

buchalter.com

Arizona
California
Colorado
Georgia
Oregon
Tennessee
Utah
Washington